1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SERGIO ALVAREZ,

           Petitioner,

   v.

ROBERT HOREL, Acting Warden,

           Respondent.

)
)
)
)
)
)
)
)
)
)
)

No. C 06-4938 SBA (pr)

**ORDER DENYING WITHOUT
PREJUDICE RESPONDENT'S
MOTION TO DISMISS PETITION AS
UNTIMELY AND SETTING
BRIEFING SCHEDULE**

(Docket no. 13)

Respondent moves to dismiss the instant petition for a writ of habeas corpus as untimely under 28 U.S.C. § 2244(d), the statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Petitioner opposes the motion.

Having considered all of the papers filed by the parties, the Court DENIES Respondent's motion to dismiss.

**BACKGROUND**

Petitioner Sergio Alvarez, a state prisoner, filed the instant pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On January 22, 1997, Petitioner pleaded guilty to seven counts of attempted premeditated murder.  On February 5, 1997, the Santa Cruz County Superior Court imposed a sentence of twenty-four years to life in state prison.  Petitioner did not appeal his conviction.

On August 17, 2004, Petitioner filed a petition for a writ of error coram nobis in the Santa Cruz County Superior Court.  (Resp't Ex. C.)  The superior court denied his petition on March 15, 2005.  (Resp't Ex. D.)

On April 4, 2005, Petitioner filed a petition for a writ of habeas corpus in the California Court of Appeal.  (Resp't Ex. E.)  The California Court of Appeal denied his petition on April 8, 2005.  (Id.)

On June 10, 2005, Petitioner filed a petition for a writ of habeas corpus in the California

Supreme Court.  (Resp't Ex. G.)  The California Supreme Court denied his petition on June 14, 2006.  (Id.)

On November 1, 2006, Petitioner filed a second habeas petition in the state appellate court, which was denied on February 20, 2007.  (Resp't Ex. F.)

Meanwhile, on August 7, 2006, Petitioner signed the instant federal habeas petition, and it was file stamped in this Court on August 15, 2006.

## DISCUSSION

The AEDPA, which became law on April 24, 1996, imposed a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners.  Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence.  See 28 U.S.C. § 2244(d)(1).

A state prisoner with a conviction finalized after April 24, 1996, such as Petitioner, ordinarily must file his federal habeas petition within one year of the date his process of direct review came to an end.  See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), overruled in part on other grounds, Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc).  The one-year period may start running from the expiration of the time for seeking direct review.  See 28 U.S.C. § 2244(d)(1)(A).  If a petitioner could have sought review by the state superior court, state appellate court or the state supreme court, but did not, the limitations period will begin running against him the day after the date on which the time to seek such review expired.  See Cal. Rule of Court 30.1 (subsequently renumbered as Cal. Rule of Court 8.308(a)) (providing that appeal from criminal judgment entered upon a plea of guilty or nolo contendere must be filed within sixty days after judgment is rendered).  Because Petitioner did not

2

appeal his conviction, the one-year limitations period began to run against Petitioner on April 6, 1997, sixty days after the imposition sentence and the date on which the time to file a notice of appeal expired. See id. Consequently, the limitations period expired one year later, April 6, 1998. See 28 U.S.C. § 2244(d). Therefore, the instant petition filed on August 7, 2006[1] -- more than eight years after the limitations period had expired -- is untimely absent tolling or a delayed commencement of the limitations period.

## I.      Statutory Tolling

The petition may nonetheless be timely if the limitations period was tolled under 28 U.S.C. § 2244(d)(2) for a substantial period of time. AEDPA's one-year limitations period is tolled under § 2244(d)(2) for the "'time during which a properly filed application for State post-conviction or other collateral review [with respect to the pertinent judgment or claim] is pending.'" Dictado v. Ducharme, 244 F.3d 724, 726 (9th Cir. 2001) (quoting 28 U.S.C. § 2244 (d)(2)). In Carey v. Saffold, 536 U.S. 214, 223 (2002), the Supreme Court held that the limitations period is also tolled during the time between a lower state court's decision and the filing of a notice of appeal to a higher state court. In California, where prisoners generally use the State's "'original writ' system," this means that the limitations period remains tolled during the intervals between a state court's disposition of an original state habeas petition and the filing of a further original state habeas petition in a higher court, provided the prisoner did not delay unreasonably in seeking review in the higher court. See id. at 220-25.[2]

_____

[1] A pro se federal habeas petition is deemed filed on the date it is delivered to prison authorities for mailing. See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001), vacated and remanded on other grounds, Carey v. Saffold, 536 U.S. 214 (2002) (holding that a federal or state habeas petition is deemed filed on the date the prisoner submits it to prison authorities for filing, rather than the date it is received by the courts). August 7, 2006 is the date the instant petition was signed and the earliest date that the petition could have been delivered to prison authorities for mailing. The Court assumes for the purposes of this discussion that the petition was delivered to prison authorities on that date.

[2] In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction. Nino v. Galaza, 183 F.3d 1003, 1006 n.2 (9th Cir. 1999). Although a superior court order denying habeas corpus relief is non-appealable, a state prisoner may

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

In the present case, Petitioner filed his petition for error coram nobis in the Santa Cruz County Superior Court on August 17, 2004 and his first state habeas petition in the California Court of Appeal on April 4, 2005.  However, he is not entitled to statutory tolling under Section 2244(d)(2) because the limitations period had already run on April 6, 1998.  A state habeas petition filed after AEDPA's statute of limitations ended cannot toll the limitations period.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (Section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed, even if the state petition was timely filed).  Section 2244(d)(2) cannot "revive" the limitations period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run.  See Rashid v. Kuhlmann, 991 F. Supp. 254, 259 (S.D.N.Y. 1998) (once the limitations period has expired, collateral petitions can no longer serve to avoid the statute of limitations)  Accordingly, statutory tolling is not sufficient to overcome the time bar to Petitioner's federal habeas petition.

Because Petitioner did not meet the one-year requirement for filing the instant federal habeas petition and he is not entitled to statutory tolling, his petition is barred as untimely under 28 U.S.C. § 2244(d)(1) unless he can show that he is entitled to a delayed commencement of the limitations period or equitable tolling.

II.     **Delayed Commencement of the Limitations Period and Equitable Tolling**

Petitioner argues for a delayed commencement of the limitations period pursuant to 28 U.S.C. § 2244(d)(1)(D).  Section 2244(d)(1)(D) states that the limitations period to file a federal habeas petition will begin to run on "the date on which the factual predicate of the claim . . . presented could have been discovered through the exercise of due diligence."  Petitioner claims that he "filed a timely petition based on claims [his] counsel failed to advise [him] or conduct any investigation concerning immigration consequences of pleading guilty, because immigration officials did not notify Petitioner he was ordered deported and excluded from the U.S. as a direct

file a new habeas corpus petition in the court of appeal.  Id.  If the court of appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the supreme court.  Id. at 1006 n.3.

United States District Court
For the Northern District of California

1   result of the prison conviction until approximately March 31, 2005." (Opp'n at 2.)  Therefore,

2   Petitioner alleges that he did not discover the factual predicate of his ineffective assistance of

3   counsel claim in the present petition until March 31, 2005.

4          Petitioner also argues that he is entitled to equitable tolling of the limitations period.  The

5   one-year limitations period can be equitably tolled because § 2244(d) is a statute of limitations and

6   not a jurisdictional bar.  Beeler, 128 F.3d at 1288.  Equitable tolling is unavailable in most cases,

7   because it is applied only if "extraordinary circumstances beyond [a] prisoner's control make it

8   impossible to file a petition on time."  Id. (citation and internal quotation marks omitted).  "When

9   external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely

10  claim, equitable tolling of the statute of limitations may be appropriate."  Miles v. Prunty, 187 F.3d

11  1104, 1107 (9th Cir. 1999).  The petitioner must show that the "extraordinary circumstances" were

12  the cause of his untimeliness.  Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations

13  omitted).  The petitioner bears the burden of showing that this "extraordinary exclusion" should

14  apply to him.  Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).  The threshold to meet the

15  burden for equitable tolling under AEDPA is a high one.  Id. at 1066.

16

17         Petitioner alleges that he is a "foreign national, non-English speaker and possesses a vastly

18  limited education . . . ."[3]  (Opp'n at 1.)  Based on the aforementioned reasons, Petitioner argues that

19  such "extraordinary circumstances" entitle him to equitable tolling.  He adds that he is also entitled

20  to equitable tolling because of the "confiscation of his educational materials by prison officials."

21  (Id. at 2.)  He claims these educational materials were important because he was "utilizing [them] to

22  teach himself English."  (Id.)  He argues that he was thus denied "access to the courts."  Therefore,

23  he claims that he is entitled to equitable tolling of the limitations period "up to and including April

24

25  ───────────────

26         [3]  The record shows that Petitioner is not a citizen of the United States, and that he was born
    in Guadalajara, Mexico.  (Pet'r App. 4, Decl. of Petitioner.)  His native language is Nahuatl, a group
27  of related languages and dialects of the Aztecan, or Nahuan, branch of the Uto-Aztecan language
    family.  (Id.)
28

26, 2005, when his materials were returned to him by Court Order." (Id., Pet'r Exs. 10, 11, 14, 15.)

Although directed to do so, Respondent did not file a reply to Petitioner's opposition.  As such, Respondent has not addressed whether Petitioner is entitled to a delayed commencement of the limitations period or to equitable tolling based on the aforementioned reasons.  Accordingly, the Court DENIES Respondent's motion to dismiss without prejudice to renewing the motion and addressing the aforementioned issues raised in Petitioner's opposition.

<u>**CONCLUSION**</u>

For the foregoing reasons,

1.      Respondent's motion to dismiss the petition as untimely (docket no. 13) is DENIED without prejudice to renewing the motion and addressing the issues set forth above no later that **sixty (60) days** of the date of this Order.  If Respondent chooses to file a renewed motion, Petitioner shall file an opposition, no later than **thirty (30) days** of his receipt of the renewed motion, and Respondent shall file with the Court and serve on Petitioner a reply no later than **fifteen (15) days** of receipt of any opposition.

2.      Should Respondent fail to file a renewed motion to dismiss within the sixty-day time frame, Respondent is directed to SHOW CAUSE why the petition should not be granted. Respondent shall file with this Court and serve upon Petitioner, no later than **sixty (60) days** of the date of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent shall file with the Answer a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent no later than **forty-five (45) days** of his receipt of the Answer. Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision **forty-five (45) days** after the date Petitioner is served with Respondent's Answer.

3.      It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the court

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

informed of any change of address by filing a separate paper with the Clerk of the Court headed "NOTICE OF CHANGE OF ADDRESS," and comply with any orders of the Court within the time allowed or ask for an extension of that time.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  See Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

    4.      Petitioner is reminded that all communications with the Court, whether by way of formal legal motions or informal letters, must be served on Respondent by mailing a true copy of the document to Respondent's counsel.

    5.      Extensions of time are not favored, though reasonable extensions will be granted. However, the party making a motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time.  The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is issued.  Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the deadline sought to be extended.

    6.      This Order terminates Docket no. 13.

    IT IS SO ORDERED.

DATED: March 31, 2008

_SAUNDRA B Armstrong_
SAUNDRA BROWN ARMSTRONG
United States District Judge

1

2 UNITED STATES DISTRICT COURT

3 FOR THE

4 NORTHERN DISTRICT OF CALIFORNIA

5

6

7 SERGIO ALVAREZ,                          Case Number: CV06-04938 SBA

8          Plaintiff,                      **CERTIFICATE OF SERVICE**

9    v.

10 BOB HOREL, WARDEN et al,

11

12          Defendant.                  /

13

14 I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

15 That on April 2, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said

16 copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle

17 located in the Clerk's office.

18

19

20 Sergio  Alvarez K42605
   PO Box 7500
21 D3-114
   Crescent City,  CA 95532-7500
22

23 Dated: April 2, 2008

                                          Richard W. Wieking, Clerk
24                                        By: LISA R CLARK, Deputy Clerk

25

26

27

28

United States District Court
For the Northern District of California

P:\PRO-SE\SBA\HC.06\Alvarez4938.denyMTD(sol).frm          8