IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SERGIO ALVAREZ,

       Petitioner,

  v.

ROBERT HOREL, Acting Warden,

       Respondent.

No. C 06-4938 SBA (pr)

**ORDER GRANTING RESPONDENT'S RENEWED MOTION TO DISMISS PETITION AS UNTIMELY AND DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL**

(Docket nos. 18, 20)

*United States District Court*
For the Northern District of California

      Petitioner Sergio Alvarez filed the instant <u>pro se</u> petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

      Before the Court is Respondent's renewed motion to dismiss the petition as untimely under 28 U.S.C. § 2244(d) -- the statute of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Petitioner has filed an opposition, and Respondent has filed a reply.

      Also before the Court is Petitioner's motion for appointment of counsel.

      Having considered all of the papers filed by the parties, the Court GRANTS Respondent's renewed motion to dismiss and DENIES Petitioner's motion for appointment of counsel.

**BACKGROUND**

      As discussed in the Court's March 31, 2008 Order denying Respondent's previously filed motion to dismiss, the following procedural background is undisputed:

          On January 22, 1997, Petitioner pleaded guilty to seven counts of attempted premeditated murder.  On February 5, 1997, the Santa Cruz County Superior Court imposed a sentence of twenty-four years to life in state prison.  Petitioner did not appeal his conviction.

          On August 17, 2004, Petitioner filed a petition for a writ of error coram nobis in the Santa Cruz County Superior Court.  (Resp't Ex. C.)  The superior court denied his petition on March 15, 2005.  (Resp't Ex. D.)

          On April 4, 2005, Petitioner filed a petition for a writ of habeas corpus in the California Court of Appeal.  (Resp't Ex. E.)  The California Court of Appeal denied his petition on April 8, 2005.  (<u>Id.</u>)

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

On June 10, 2005, Petitioner filed a petition for a writ of habeas corpus in the California Supreme Court. (Resp't Ex. G.)  The California Supreme Court denied his petition on June 14, 2006.  (Id.)

On November 1, 2006, Petitioner filed a second habeas petition in the state appellate court, which was denied on February 20, 2007.  (Resp't Ex. F.)

Meanwhile, on August 7, 2006, Petitioner signed the instant federal habeas petition, and it was file stamped in this Court on August 15, 2006.

(Mar. 31, 2008 Order at 1-2.)

On June 12, 2007, Respondent filed a motion to dismiss the petition as untimely.  On July 13, 2007, Petitioner filed an opposition.  Respondent did not file a reply.

In the March 31, 2008 Order, the Court found statutory tolling insufficient to overcome the time bar to Petitioner's federal habeas petition.:

In the present case, Petitioner filed his petition for error coram nobis in the Santa Cruz County Superior Court on August 17, 2004 and his first state habeas petition in the California Court of Appeal on April 4, 2005.  However, he is not entitled to statutory tolling under Section 2244(d)(2) because the limitations period had already run on April 6, 1998.  A state habeas petition filed after AEDPA's statute of limitations ended cannot toll the limitations period.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (Section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed, even if the state petition was timely filed).  Section 2244(d)(2) cannot "revive" the limitations period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run.  See Rashid v. Kuhlmann, 991 F. Supp. 254, 259 (S.D.N.Y. 1998) (once the limitations period has expired, collateral petitions can no longer serve to avoid the statute of limitations).

(Id. at 4.)  The Court, however, noted that Petitioner had argued in his opposition filed on July 13, 2007 that he was entitled to a delayed commencement of the limitations period or to equitable tolling, stating that:

Petitioner argues for a delayed commencement of the limitations period pursuant to 28 U.S.C. § 2244(d)(1)(D).  Section 2244(d)(1)(D) states that the limitations period to file a federal habeas petition will begin to run on "the date on which the factual predicate of the claim . . . presented could have been discovered through the exercise of due diligence."  Petitioner claims that he "filed a timely petition based on claims [his] counsel failed to advise [him] or conduct any investigation concerning immigration consequences of pleading guilty, because immigration officials did not notify Petitioner he was ordered deported and excluded from the U.S. as a direct result of the prison conviction until approximately March 31, 2005."  (Opp'n at 2.)  Therefore, Petitioner alleges that he did not discover the factual predicate of his ineffective assistance of counsel claim in the present petition until March 31, 2005.

. . . .

2

United States District Court

For the Northern District of California

1

2
3
4
5
6

   Petitioner alleges that he is a "foreign national, non-English speaker and
possesses a vastly limited education . . . ."[1] (Opp'n at 1.) Based on the
aforementioned reasons, Petitioner argues that such "extraordinary circumstances"
entitle him to equitable tolling. He adds that he is also entitled to equitable tolling
because of the "confiscation of his educational materials by prison officials." (Id. at
2.) He claims these educational materials were important because he was "utilizing
[them] to teach himself English." (Id.) He argues that he was thus denied "access
to the courts." Therefore, he claims that he is entitled to equitable tolling of the
limitations period "up to and including April 26, 2005, when his materials were
returned to him by Court Order." (Id., Pet'r Exs. 10, 11, 14, 15.)

7

8

9

10

11

(Mar. 31, 2008 Order at 4-6 (footnote in original).) Because Respondent did not file a reply, the

Court denied the motion to dismiss without prejudice to renewing the motion and addressing

whether Petitioner is entitled to a delayed commencement of the limitations period or to equitable

tolling based on the aforementioned reasons. (Id.)

   On May 5, 2008, Petitioner filed a motion for appointment of counsel.

12

13

14

   On May 12, 2008 Respondent filed a renewed motion to dismiss the petition as untimely. On

June 9, 2008, Petitioner filed an opposition. On June 25, 2008, Respondent filed a reply.

15

**DISCUSSION**

16

17

18

19

20

21

22

23

24

25

   The AEDPA, which became law on April 24, 1996, imposed a statute of limitations on

petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging

non-capital state convictions or sentences must be filed within one year of the latest of the date on

which: (1) the judgment became final after the conclusion of direct review or the time passed for

seeking direct review; (2) an impediment to filing an application created by unconstitutional state

action was removed, if such action prevented petitioner from filing; (3) the constitutional right

asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme

Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim

could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1).

26

27

28

   [1] The record shows that Petitioner is not a citizen of the United States, and that he was born
in Guadalajara, Mexico. (Pet'r App. 4, Decl. of Petitioner.) His native language is Nahuatl, a group
of related languages and dialects of the Aztecan, or Nahuan, branch of the Uto-Aztecan language
family. (Id.)

3

United States District Court

For the Northern District of California

1    A state prisoner with a conviction finalized after April 24, 1996, such as Petitioner,

2  ordinarily must file his federal habeas petition within one year of the date his process of direct

3  review came to an end.  See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1286

4  (9th Cir. 1997), overruled in part on other grounds, Calderon v. United States District Court (Kelly),

5  163 F.3d 530 (9th Cir. 1998) (en banc).  The one-year period may start running from the expiration

6  of the time for seeking direct review.  See 28 U.S.C. § 2244(d)(1)(A).

7    The petition may nonetheless be timely if the limitations period was tolled under 28 U.S.C.

8  § 2244(d)(2) for a substantial period of time.  AEDPA's one-year limitations period is tolled under

9  § 2244(d)(2) for the "'time during which a properly filed application for State post-conviction or

10  other collateral review [with respect to the pertinent judgment or claim] is pending.'"  Dictado v.

11  Ducharme, 244 F.3d 724, 726 (9th Cir. 2001) (quoting 28 U.S.C. § 2244 (d)(2)), abrogated on other

12  grounds by Pace v. DiGuglielmo, 544 U.S. 408 (2005).  The one-year limitations period can also be

13  equitably tolled because § 2244(d) is a statute of limitations and not a jurisdictional bar.  Beeler, 128

14  F.3d at 1288.

15    The Court determined in its March 31, 2008 Order that the instant federal habeas petition is

16  
17  untimely absent tolling or a delayed commencement of the limitations period:

18    If a petitioner could have sought review by the state superior court, state appellate
      court or the state supreme court, but did not, the limitations period will begin
19    running against him the day after the date on which the time to seek such review
      expired.  See Cal. Rule of Court 30.1 (subsequently renumbered as Cal. Rule of
20    Court 8.308(a)) (providing that appeal from criminal judgment entered upon a plea
      of guilty or nolo contendere must be filed within sixty days after judgment is
21    rendered).  Because Petitioner did not appeal his conviction, the one-year
      limitations period began to run against Petitioner on April 6, 1997, sixty days after
22    the imposition sentence and the date on which the time to file a notice of appeal
      expired.  See id.  Consequently, the limitations period expired one year later, April
23    6, 1998.  See 28 U.S.C. § 2244(d).  Therefore, the instant petition filed on August 7,
      2006[2] -- more than eight years after the limitations period had expired -- is untimely
24

25

26    [2]  A pro se federal habeas petition is deemed filed on the date it is delivered to prison
    authorities for mailing.  See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001), vacated and
27  remanded on other grounds, Carey v. Saffold, 536 U.S. 214 (2002) (holding that a federal or state
    habeas petition is deemed filed on the date the prisoner submits it to prison authorities for filing,
28  rather than the date it is received by the courts).  August 7, 2006 is the date the instant petition was
    signed and the earliest date that the petition could have been delivered to prison authorities for
    mailing.  The Court assumes for the purposes of this discussion that the petition was delivered to

4

United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

absent tolling or a delayed commencement of the limitations period.

(Mar. 31, 2008 Order at 2-3 (footnote in original).)

As mentioned above, the Court has already determined that statutory tolling does not save the instant petition from being time barred.  Petitioner claims that his inability to understand English and the "confiscation of his educational materials by prison officials" provide grounds for equitable tolling of the limitations period.  He also claims that he was unaware of the immigration consequences of his guilty plea and that this constituted an impediment to his filing a timely federal petition.  Therefore, the Court must determine whether Petitioner is entitled to equitable tolling or a delayed commencement of the limitations period.

## I.     **Equitable Tolling**

"When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  Equitable tolling will not be available in most cases because extensions of time should be granted only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."  Beeler, 128 F.3d at 1288 (citation and internal quotation marks omitted).  The prisoner must show that "the 'extraordinary circumstances' were the cause of his untimeliness."  Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted).  The petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him.  Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).  Where a prisoner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application, the equitable tolling claim will be denied.  Gaston v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir. 2005) (holding that where prisoner fails to show causal connection between self-representation on direct appeal or physical and mental disabilities and inability to timely file petition, district court's finding that he was not entitled to equitable tolling where he had earlier filed a state habeas petition was not clear error).

prison authorities on that date.

5

United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Petitioner alleges that he is a "Mexican national . . . who's [sic] primary language is a pre-Columbian dialect Nahuatl mixed with Mexican Spanish."  (June 9, 2008 Opp'n at 7.)  He claims that "English is [his] secondary language."  (Id. at 8.)  Petitioner argues that such "extraordinary circumstances" entitle him to equitable tolling.  As mentioned above, Petitioner adds that he is also entitled to equitable tolling because prison officials confiscated two books that he was allegedly using to "teach himself English."  (July 13, 2007 Opp'n at 2.)  Therefore, he claims that he is entitled to equitable tolling of the limitations period "up to and including April 26, 2005, when his materials were returned to him by Court Order."  (Id.)

There are cases which hold that illiteracy and pro se status -- problems similar to Petitioner's inability to understand English -- are not extraordinary circumstances or external factors that excuse compliance with the many and oftentimes complex procedural requirements a prisoner encounters when seeking federal habeas corpus relief.  See, e.g., Hughes v. Idaho State Bd. of Corr., 800 F.2d 905, 909 (9th Cir. 1986) (illiteracy of pro se petitioner not sufficient cause to avoid procedural bar); United States v. Flores, 981 F.2d 231, 236 (5th Cir. 1993) (pro se status, illiteracy, deafness and lack of legal training not external factors excusing abuse of the writ); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (a petitioner's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations).  Therefore, the Court finds that Petitioner has not demonstrated that he is entitled to equitable tolling because his problems understanding English do not constitute extraordinary circumstances.

That equitable tolling is inappropriate for prisoners who have problems understanding English is especially true where, as here, Petitioner's alleged lack of proficiency in English has not kept him from accessing the courts.  See Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002) (a petitioner's difficulty understanding the English language does not justify equitable tolling if it does not bar him from accessing the courts).  Because Petitioner was required under Section 2254(b)(1)(A) to exhaust his state remedies by presenting all of his claims to the state courts for review before bringing them in the present petition, and because he represents that he has exhausted

United States District Court

For the Northern District of California

all his claims to the highest state court, he has failed to show that his problems understanding

English prevented him from being able to formulate a timely federal petition. See Miller v. Marr,

141 F.3d 976, 978 (10th Cir. 1998) (petition for a writ of habeas corpus dismissed as untimely

because the petitioner "has provided no specificity regarding the alleged lack of access and the steps

he took to diligently pursue his federal claims").  In addition, despite his alleged inability to

understand English, Petitioner was able to file his state habeas petitions, the instant federal habeas

petition and oppositions to Respondent's previously filed motion to dismiss as well as the renewed

motion to dismiss, all of which are more than adequate.  See Gaston, 417 F.3d at 1034-35 (Whether

a prisoner has been able to file a prior state habeas petition is a factor in determining whether he was

unable to timely file a petition in federal court, unless the prisoner has shown a significant change in

conditions since the filing of that application.).  Furthermore, Petitioner claims he "sought help from

other prisoners to assist him [in] translat[ing]," thus, his own alleged problems understanding

English presumably would not be a barrier.  (June 9, 2008 Opp'n at 9.)  Therefore, Petitioner's

alleged problems understanding English are not grounds for equitable tolling.

The instant case is distinguishable from Mendoza v. Carey, a Ninth Circuit Court of Appeals

case holding that upon developing a factual record, a petitioner's allegations that the prison library's

failure to provide Spanish legal materials or Spanish-speaking librarians to assist Spanish-speaking

inmates in filing their habeas petitions could amount to "an extraordinary circumstance" which

would entitle them to equitable tolling.  449 F.3d 1065, 1067 (9th Cir. 2006).

The first issue raised on appeal by the petitioner in Mendoza was whether the district court

had erred in failing to hold an evidentiary hearing on the issue of whether equitable tolling was

appropriate before dismissing the petition as untimely.  Id.  The Ninth Circuit reversed and

remanded solely for the purpose of development of the factual record, finding that there were some

circumstances consistent with the petition and the petitioner's declaration that would entitle him to

equitable tolling.  Id. at 1069 (citing Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000)).

Petitioner's main allegation in support of his argument that he is entitled to equitable tolling

is that he has problems understanding English.  Equitable tolling determinations are "highly fact-dependent."  Whalem/Hunt, 233 F.3d at 1148.  Unlike the petitioner in Mendoza, Petitioner in the instant case never alleged any facts in his petition or declaration that would require this Court to hold an evidentiary hearing for further development of his claim that he was entitled to equitable tolling.  Cf. Mendoza, 449 F.3d at 1069; Laws v. Lamarque, 351 F.3d 919, 921 (9th Cir. 2003) (holding that because petitioner made a good-faith allegation that would, if true, entitle him to equitable tolling, remand was appropriate for further factual development of his claim that he was mentally incompetent during his limitation period).  Therefore, there is no need for any further development of the factual record in the instant case.

Furthermore, Petitioner's case falls outside the scope of Mendoza.  In Mendoza, the second issue raised by the petitioner on appeal was whether the lack of Spanish legal materials or Spanish-speaking librarians to assist Spanish-speaking inmates was an extraordinary circumstance beyond his control that made it impossible to file a timely petition.  449 F.3d at 1067.  This was an issue of first impression in the Ninth Circuit, therefore, the court reviewed the law from other Circuits.  See id. at 1069.  The Ninth Circuit concluded that "a non-English-speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source."  Id. at 1070 (emphasis added).  According to the petitioner's declaration in Mendoza, when he was first incarcerated, he requested Spanish legal materials.  Id. at 1069.  However, he was told he had to wait until he arrived at his regular assigned prison.  After being transferred to Solano State Prison, he made several trips to the library and found only English legal materials and English-speaking librarians.  It was not until the petitioner found a newly arrived, bilingual inmate willing to offer assistance that he was able to file his habeas petition; however, by this time, the AEDPA deadline had already passed.  Id.  The Ninth Circuit determined the petitioner had alleged sufficient facts which, if true, would entitle him to equitable tolling.  Id. at 1071.

8

United States District Court

For the Northern District of California

1    Mendoza is distinguishable from the instant case.  Unlike the petitioner in Mendoza,

2  Petitioner claims that he had successfully obtained "grammatical books from the Mexican consulate

3  solely for the purpose of teaching himself sufficient English to be able to challenge his conviction."

4  (June 9, 2008 Opp'n at 22.)  Furthermore, Petitioner has failed to allege facts which establish that he

5  was so inhibited by the prison law library that he was unable to file his habeas corpus petition before

6  the limitation period had expired.  Instead, Petitioner claims that he is entitled to equitable tolling

7  because prison officials confiscated these "grammatical books."  The record shows that Petitioner's

8  books were confiscated on April 22, 2002.  (July 13, 2007 Opp'n, Exs. 10, 11.)  These books were

9  returned to Petitioner on April 26, 2005.  (June 9, 2008 Opp'n at 23.)  Thus, at most, Petitioner is

10  requesting the Court to equitably toll three years of the limitations period.  However, the Court notes

11  that Petitioner filed the instant petition on August 7, 2006, more than eight years past the expiration

12  of the limitations period on April 6, 1998.  The Court finds that Petitioner's claim regarding the

13  confiscation of his "grammatical books" between 2002 and 2005 lacks a causal connection to his

14  failure to file a timely federal habeas petition by April 6, 1998.  See Gaston, 417 F.3d at 1034-35.

15  Even if the Court equitably tolled the limitations period for the three years that Petitioner's books

16  were confiscated, the instant petition would be untimely by five years.

17

18    In  sum, Petitioner's allegations in support of his first argument for equitable tolling are that:

19  (1) he is a Mexican National and (2) he has problems understanding English.  The Court finds that

20  equitable tolling does not apply here because Petitioner's problems understanding English do not

21  constitute an extraordinary circumstance beyond his control.  As to his second argument, the Court

22  finds that Petitioner fails to show "any causal connection" between the prison officials' confiscation

23  of his "grammatical books" and his inability to timely file his federal habeas petition.  Furthermore,

24  even if the Court found that Petitioner were entitled to equitable tolling for the three-year period that

25  the prison officials confiscated his books, it would be insufficient to overcome the time bar to his

26  petition.

27  **II.    Delayed Commencement of the Limitations Period**

28    In his opposition to Respondent's previously filed motion to dismiss, Petitioner states that "he

**United States District Court**
For the Northern District of California

1  filed a timely petition based on claims counsel failed to advise [him] or conduct any investigation

2  concerning immigration consequences of pleading guilty, because immigration officials did not

3  notify [him] he was ordered deported and excluded from the U.S. as a direct result of the prison

4  conviction until approximately March 31, 2005." (July 13, 2007 Opp'n at 2.)  Therefore, Petitioner

5  alleges that he did not discover the factual predicate of his ineffective assistance of counsel claim in

6  the instant petition until March 31, 2005.  Thus, he argues that the commencement of the limitations

7  period should be delayed pursuant to 28 U.S.C. § 2244(d)(1)(D).

8          Respondent argues that Petitioner's claim that he was not aware of the immigration

9  consequences of his guilty plea is factually meritless because the record demonstrates that Petitioner

10  was aware of the factual predicate of his claim at the time he plead guilty in 1997.  (Mot. to Dismiss

11  at 3.)

12          The record shows that at Petitioner's and his co-defendant's change of plea hearing on

13  January 22, 1997, the following colloquy between the trial court and the parties took place:

14

15      THE COURT: You should understand that if you were not citizens of this country,
        a plea of guilty to these charges could impair your ability to be naturalized as
16      citizens, could cause you to be deported to the country of your origin, could cause
        you not to be able to lawfully come back here again.  Do you understand that, . . .
17      Mr. Alvarez?

18      DEFENDANT ALVAREZ: Yes.

19  (Resp't Ex. H at 11.)

20          The statute of limitations "begins when the prisoner knows (or through diligence could

21  discover) the important facts, not when the prisoner recognizes their legal significance." Hasan v.

22  Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001).  Thus, the Court finds that the claim that Petitioner

23  was unaware of the immigration consequences of his guilty plea until March, 2005 is factually

24  meritless and does not provide the basis for delaying the commencement of the statute of

25  limitations period pursuant to § 2244(d)(1)(D).

26          Furthermore, the Court finds unavailing Petitioner's argument that "the judge asked [him]

27  many things which [he] dint [sic] understand" at the plea hearing.  (June 9, 2008 Opp'n at 2.)

28  Petitioner claims that he "responded to the judge's questions because [he] was told to do so by [his]

10

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

counsel." (<u>Id.</u>) Petitioner's claim, however, is entirely conclusory and unsupported by specific facts. Petitioner was present at the plea colloquy, and he was represented by counsel.  During the plea colloquy, Petitioner failed to indicate that he did not understand what was going on.  Prior to and at any point during the plea colloquy, Petitioner could have asked for an interpreter to be present, but he did not.  The transcript of the plea hearing shows that Petitioner did not display any difficulty in understanding because he responded to each question asked by the judge without requesting the appointment of an interpreter to assist him; therefore, the Court finds that Petitioner knew the basis of his claim at the time he pleaded guilty in 1997.

Equally unavailing is Petitioner's argument that he was not aware of the potential for deportation because "[he] was never told by his attorney or anyone that under federal law, a conviction of felonies to which he would plead guilty under the DA's plea offer was grounds for mandatory deportation, not just possible [deportation]."  (June 9, 2008 Opp'n at 8.)  As mentioned above, the record shows that the Court advised Petitioner of the risks of deportation as a result of his guilty plea at the plea hearing.  The Court even offered Petitioner additional time to consult with his counsel about deportation consequences.  Petitioner now claims that he should have been advised by his attorney that by pleading guilty, he could face "mandatory" deportation as opposed to "possible" deportation.  Even if he argues that his attorney failed to advise him that he could face "mandatory deportation," Petitioner fails to show that this failure entitles him to a delayed commencement of the limitations period.  In effect, such a statement shows that Petitioner was still advised of the "possible" immigration consequences of his plea before his plea colloquy; therefore, he acknowledges that he knew of the basis of his claim at the time he pleaded guilty in 1997.

Petitioner's federal petition was filed on August 7, 2006 -- more than eight years after the deadline to do so.  Petitioner has not presented evidence which entitles him to equitable tolling or to a delayed commencement of the statute of limitations such that his petition may be considered timely.  Therefore, the petition must be dismissed because it was not timely filed under 28 U.S.C. § 2244(d)(1).  Accordingly, Respondent's renewed motion to dismiss is GRANTED.

## **CONCLUSION**

11

1

2

For the foregoing reasons, Respondent's renewed motion to dismiss the petition as untimely (docket no. 20) is GRANTED.  The petition hereby is DISMISSED with prejudice.

3

4

The Clerk shall terminate all pending motions including Petitioner's motion for appointment of counsel (docket no. 18), enter judgment, and close the file.

5

This Order terminates Docket nos. 18 and 20.

6

IT IS SO ORDERED.

7

DATED:3/17/09

8

_Saundra B Armstrong_

SAUNDRA BROWN ARMSTRONG
United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

P:\PRO-SE\SBA\HC.06\Alvarez4938.grantRENEWED-MTD(sol).frm     12

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO ALVAREZ, | Case Number: CV06-04938 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| BOB HOREL, WARDEN et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 18, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Sergio  Alvarez K42605
PO Box 7500
D3-114
Crescent City,  CA 95532-7500

Dated: March 18, 2009

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\HC.06\Alvarez4938.grantRENEWED-MTD(sol).frm    13